IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **RACHEL M. HUBBARD,** | ) | |
| Plaintiff, | ) ) ) | FILED<br>NOV 10 2020<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |
| v. | ) ) | Case No.: |
| **GASPEREC ELBERTS CONSULTING, LLC,** | ) ) ) | 1:20-cv-06680<br>Judge Edmond E. Chang<br>Magistrate Judge Susan E. Cox |
| Defendant. | ) ) | |

**COMPLAINT**

NOW COMES, Plaintiff, RACHEL M. HUBBARD, and complains of Defendant, GASPEREC ELBERTS CONSULTING, LLC, an Illinois limited liability corporation, as follows:

**Nature of the Case**

1. Plaintiff, Rachel M. Hubbard, (hereinafter "Plaintiff" or "Hubbard") was employed by Gasperec Elberts Consulting, LLC, as a Computer Aided Desitn (CAD) Technician.

2. This is an individual action brought by Plaintiff against Defendant Gasperec Elberts Consulting, LLC (hereinafter "Defendant" or "GEC") for violations of the federal Equal Pay Act, 29 U.S.C. § 206 (d); Illinois Equal Pay Act, 820 ILCS § 112/1 *et seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

3. Plaintiff alleges violations based on unequal pay based on sex/gender, sex/gender discrimination, and retaliation.

4. As a result of the conduct by Defendant, Plaintiff has and continues to suffer from lost wages and benefits and has and continues to suffer from significant related emotional distress. Plaintiff seeks all damages she is entitled to under law for Defendant's unlawful acts

alleged herein, including those for unequal pay, lost wages and benefits, liquidated damages, damages for emotional distress and other compensatory damages, as well as punitive damages for intentional and egregious conduct, and all reasonable attorneys' fees and costs incurred by Plaintiff in this matter.

## Jurisdiction and Venue

5. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e and the Federal Equal Pay Act, 29 U.S.C. 206(d) pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because substantial parts of the events or omissions giving rise to the claims herein occurred in this judicial district and this is where the Plaintiff suffered the primary harm from Defendant's actions.

## Parties

7. Plaintiff, is a female citizen of the United States and at all relevant times did reside and currently resides in Cook County, Illinois.

8. Defendant GEC is an Illinois limited liability corporation engaged in the business of providing professional engineering and surveying services, with its office located at 1401 Branding Avenue, Suite 230, Downers Grove, Illinois.

9. At all relevant times, GEC qualified as an employer as defined by Title VII of the Civil Rights Act 42 U.S.C § 2000e(b).

10. At all relevant times, Plaintiff qualified as an employee as defined by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f).

11. At all relevant times, GEC qualified as an employer as defined by the Federal Equal Pay Act, 29 U.S.C. § 206(d) and the Illinois Equal Pay Act, 820 ILCS 112/5.

12. At all relevant times, Plaintiff qualified as an employee as defined by the Federal Equal Pay Act, 29 U.S.C. § 206(d) and the Illinois Equal Pay Act, 820 ILCS 112/5.

13. At all relevant times, Plaintiff performed her job duties satisfactorily and to the reasonable expectations of Defendant GEC.

## Administrative Requirements

14. Plaintiff complied with all administrative requirements by filing a timely Charge of Discrimination with the U.S. EEOC, based on Equal Pay violations, sex/gender discrimination and retaliation on November 20, 2019. A true and correct copy of such Charge of Discrimination is attached as Exhibit 1.

15. On or about August 14, 2020, Plaintiff received the Notice of Dismissal and Suit Rights on the above-mentioned Charge of Discrimination and, accordingly, this Complaint is timely filed. A true and correct copy of the Notice of Dismissal and Suit Rights is attached as Exhibit 2.

## General Allegations

16. On or about August 28, 2017, Defendant GEC hired Plaintiff as a CAD Technician. Upon hire, Plaintiff was compensated at a rate of $25.00 per hour.

17. According to GEC hiring paperwork and invoices for clients, Plaintiff was billed as a "CAD Technician II" rate.

18. On or about October 2018, Defendant hired Ilir Shtembari ("Shtembari") who is male, as a CAD Technician.

19. Both Plaintiff and Mr. Shtembari performed the same job duties as CAD Technicians and both reported to Defendant's Survey Manager and Engineering Department.

20. Both Plaintiff and Mr. Shtembari's jobs as CAD Technicians required identical skill,

effort and responsibility and were performed under identical working conditions in the same physical office space.

21. Upon information and belief, Plaintiff and Mr. Shtembari had substantially the same qualifications and relevant experience.

22. Defendant compensated Mr. Shtembari at an hourly rate of $30.00 per hour.

23. In or around June of 2019, Plaintiff complained to Megan Elberts, managing principal of GEC, that despite performing the same job duties, having the same responsibility and having similar qualifications and experience, Plaintiff was compensated less than her male counterpart, Mr. Shtembari. Ms. Elberts denied that Mr. Shtembari was compensated at a higher rate than Plaintiff but agreed to raise Plaintiff's pay to $26.50 per hour, which remained significantly less than the $30.00 per hour Mr. Shtembari received.

24. On or about September 6, 2019, Plaintiff, through her counsel, sent a demand letter seeking payment for Defendant's violations of the Equal Pay Act and Illinois Equal Pay Act based on Mr. Shtembari's compensation compared to her own compensation.

25. Shortly after Defendant received Plaintiff's demand letter in September of 2019, Defendant began to engage in retaliatory acts which included but were not limited to:

    a. Subjecting Plaintiff to harsher and more demanding terms and conditions of employment, such as criticizing her work product and professional conduct while in the workplace;

    b. Falsely accusing plaintiff of inappropriate behavior, including falsely accusing Plaintiff of threatening a co-worker;

    c. Attacking Plaintiff's work performance; and

    d. Falsely accusing Plaintiff of modifying her work hours without permission.

4

26. On November 1, 2019, Defendant presented Plaintiff with a "Final Written Warning" which falsely documented that during the course of Plaintiff's employment she had "shown a pattern of inability to take direction from your manager or supervisor without a contentious response."

27. Prior to her complaint of gender discrimination and violations of the Equal Pay Acts, Defendant provided Plaintiff with positive employee evaluations in 2017 and 2018.

28. On or about November 1, 2019, Defendant instructed Plaintiff that "under no circumstances should she return to work on Monday, November 4, 2019."

29. On November 4, 2019, Plaintiff emailed Defendant GEC stating that she would respect their instruction and would not work on that Monday. In such email, Plaintiff further stated that she valued her employment with GEC, she was not resigning or abandoning her employment and she planned to work the following day. Plaintiff additionally complained that Defendant restricting her from working was further retaliation for her complaints of gender discrimination and violations of the Equal Pay Acts.

30. Beginning in October and continuing through early November 2019, Defendant GEC offered various settlement terms to Plaintiff to resolve her complaints of violations of the Equal Pay Acts. Plaintiff never accepted any such settlement terms.

31. Immediately following the November 1, 2019, email instructing Plaintiff to "not return to work under any circumstances", Defendant GEC presented Plaintiff with a "Last Chance Agreement" and a "Settlement Agreement" and was told that she must sign one.

32. Among other terms, the "Last Chance Agreement" required Plaintiff to admit to

5

behavior she did not engage in while she was employed at GEC. The Settlement Agreement set forth terms which Plaintiff did not agree to accept. Consequently, this scenario amounted to discharge.

33. As a result, on or about November 1, 2019, Defendant effectively terminated Plaintiff's employment in retaliation for Plaintiff's complaints of gender discrimination and violations of the Equal Pay Acts.

## COUNT I
## Violation of the Title VII of the Civil Rights Act – Discrimination

34. Plaintiff repeats and re-alleges paragraphs 1-33 above, as paragraph 34, as if fully set forth herein.

35. Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* by treating Plaintiff unequally on the basis of her sex (female) by paying her wages which were less than those it paid to a male employee for substantially similar work, and by subjecting Plaintiff to unequal and inferior terms and conditions of employment as set forth herein.

36. Defendant's violations of Title VII were committed knowingly, maliciously and/or recklessly, and accordingly Defendant is liable to Plaintiff for punitive damages.

WHEREFORE, Plaintiff, RACHEL HUBBARD, respectfully prays that this Court enter an Order:

    (a) Declaring the conduct of Defendant GASPEREC ELBERTS CONSULTING, LLC, and their respective agents/employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*;

    (b) Awarding Plaintiff Hubbard compensatory damages;

    (c) Awarding Plaintiff Hubbard all lost wages and benefits;

(d) Awarding Plaintiff Hubbard punitive damages;

(e) Awarding Plaintiff Hubbard reasonable attorneys' fees and costs; and

(f) Awarding Plaintiff any other relief she is entitled to under law or that this Court may deem as just and warranted.

## COUNT II
## Violation of the Illinois Equal Pay Act

37. Plaintiff repeats and re-alleges paragraphs 1-33 above, as paragraph 37, as if fully set forth herein.

38. Defendant GEC's payment of Plaintiff of compensation in an amount less than it paid to a male employee for the same or substantially similar work, the performance of which required equal skill, effort and responsibility, was a continuing violation of the Illinois Equal Pay Act, 820 ILCS § 112/1 *et seq.* ("IEPA").

39. The IEPA provides for recovery in a civil action of the "entire amount of the underpayment, together with interest and the costs and reasonable attorneys' fees as may be allowed by the Court and as necessary to make the employee whole."

WHEREFORE, Plaintiff, RACHEL HUBBARD, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendant GASPEREC ELBERTS CONSULTING, LLC, and their respective agents/employees, as described herein, is in violation the Illinois Equal Pay Act, 820 ILCS § 112/1 *et seq.*;

(b) Awarding Plaintiff Hubbard money damages equal to the entire amount of each underpayment as the Court may determine;

(c) Prejudgment interest on the amount of each underpayment from the date such compensation should have been paid to the date of the payment;

(d) Awarding Plaintiff Hubbard reasonable attorneys' fees and costs; and

(e) Awarding Plaintiff any other relief she is entitled to under law or that this Court may deem as just and warranted.

## COUNT III
## Violation of the Federal Equal Pay Act

40. Plaintiff repeats and re-alleges paragraphs 1-33 above, as paragraph 40, as if fully set forth herein.

41. Defendant GEC's payment of Plaintiff of compensation in an amount less than it paid to a male employee for the same or substantially similar work, the performance of which required equal skill, effort and responsibility, was a continuing violation of the federal Equal Pay Act, 29 U.S.C. § 206(d). ("EPA").

42. Plaintiff is entitled to recover the wages which Defendant should have paid to her during her employment so as to be equivalent to wages paid to a male co-worker, in an amount to be determined by the Court, together with an equal amount as liquidated damages.

WHEREFORE, Plaintiff, RACHEL HUBBARD, respectfully prays that this Court enter an Order:

- (a) Declaring the conduct of Defendant GASPEREC ELBERTS CONSULTING, LLC, and their respective agents/employees, as described herein, is in violation the federal Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*;

- (b) Awarding Plaintiff Hubbard money damages equal to the entire amount of each underpayment as the Court may determine;

- (c) Awarding Plaintiff Hubbard liquidated damages;

- (d) Prejudgment interest on the amount of each underpayment from the date such compensation should have been paid to the date of the payment;

- (e) Awarding Plaintiff Hubbard reasonable attorneys' fees and costs; and

- (f) Awarding Plaintiff any other relief she is entitled to under law or that this Court may deem as just and warranted.

## COUNT IV

## Retaliation

43. Plaintiff repeats and re-alleges paragraphs 1-33 above, as paragraph 43, as if fully set forth herein.

44. Plaintiff engaged in protected activities of complaining for what she believed in good faith to be discrimination based on sex and unequal pay in violation of the Illinois Equal Pay Act and the federal Equal Pay Act, as set forth herein.

45. Retaliation for complaining of sex/gender discrimination and for complaining of unequal pay based on gender/sex is prohibited by Title VII of the Civil Rights Act and the Illinois Equal Pay Act and the federal Equal Pay Act, respectively.

46. Defendants retaliated against Plaintiff for her protected acts of complaining of sex/gender discrimination and unequal pay based on sex/gender by taking adverse employment actions against her, subjecting her to harsher and more negative terms and conditions of employment, subjecting her to unjustified discipline and terminating her employment, all as set forth herein.

47. Defendant GEC retaliatory actions were done with knowledge, maliciously and/or recklessly.

48. As a direct and proximate result of Defendant GEC's retaliatory actions, Plaintiff has sustained damages including lost income and employment benefits, lost future income and employment benefits and significant emotional distress.

WHEREFORE, Plaintiff, RACHEL HUBBARD, respectfully prays that this Court enter an Order:

  (a) Declaring the conduct of Defendant GASPEREC ELBERTS CONSULTING, LLC, and their respective agents/employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and/or the

Illinois Equal Pay Act, 820 ILCS 112/1 *et seq.* and/or the federal Equal Pay Act, 29 U.S.C. § 206(d);

(b) Awarding Plaintiff Hubbard compensatory damages;

(c) Awarding Plaintiff Hubbard all lost wages and benefits;

(d) Awarding Plaintiff Hubbard punitive damages to the extent allowed under law;

(e) Awarding Plaintiff Hubbard reasonable attorneys' fees and costs; and

(f) Awarding Plaintiff any other relief she is entitled to under law or that this Court may deem as just and warranted.

**PLAINTIFF DEMANDS A JURY TRIAL**

**DATED:** ~~November 9, 2020~~

*November 10, 2020*
*RH*

Respectfully Submitted,

*Rachel Hubbard*
Rachel Hubbard

Rachel Hubbard
615 W. Talcott Road, Unit 1
Park Ridge, Illinois 60068
847-361-8807
Hubbard2000@att.net

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2020-01132 |
|---|---|---|

ILLINOIS DEPARTMENT OF HUMAN RIGHTS and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>MISS RACHEL HUBBARD | Home Phone<br>(847) 361-8807 | Year of Birth |
|---|---|---|

Street Address / City, State and ZIP Code
615 W. TALCOTT ROAD, PARK RIDGE, IL 60068

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>GASPEREC ELBERTS CONSULTING | No. Employees, Members<br>15 - 100 | Phone No.<br>(847) 868-1833 |
|---|---|---|

Street Address / City, State and ZIP Code
1401 BRANDING AVENUE, SUITE 230, DOWNERS GROVE, IL 60515

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (Specify) Equal Pay

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-08-2018   Latest: 11-01-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I WAS HIRED BY RESPONDENT IN OR AROUND AUGUST 2017. MY MOST RECENT POSITION WAS CAD DRAFTER. I WAS PAID LESS THAN MY LESS-QUALIFIED MALE COWORKER. I COMPLAINED TO RESPONDENT. SUBSEQUENTLY, I WAS DISCIPLINED AND DISCHARGED.

I BELIEVE I HAVE BEEN DISCRIMINATED AGAINST BECAUSE OF MY SEX, FEMALE, AND IN RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AND THE EQUAL PAY ACT OF 1963.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Rachel Hubbard on 11-20-2019 11:10 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# EXHIBIT 2

EEOC Form 161 (11/16)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rachel Hubbard<br>615 W. Talcott Road<br>Park Ridge, IL 60068 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2020-01132 | Brandi Kraft, Investigator | (312) 872-9662 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/msd*      8/12/2020

Enclosures(s)     Julianne Bowman, District Director     (Date Mailed)

cc:    GASPEREC ELBERTS CONSULTING
c/o Peter Kim
Litchfield Cavo LLP
303 W. Madison St.
Suite 300
Chicago, IL 60606